UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

GARY GILLARD,

           Plaintiff,

    -v-

WESELY CANFIELD, BENJAMIN A. OAKES,
JOHN VONHAGN, KATHLEEN S. WALSH,
JEREMY M. CLEMENT, KAREN WEAVER,

           Defendants.

_____

**DECISION AND ORDER**
12-CV-0428S(Sr)



Plaintiff, Gary Gillard, currently an inmate of the Attica Correctional Facility, filed a pro se complaint pursuant to 42 U.S.C. § 1983 alleging, *inter alia*, that following his transfer to the Southport Correctional Facility on December 20, 2011, he was denied adequate medical care and treatment for a number of ailments, conditions and injuries and that the denial of medical care was all in retaliation for both a prior lawsuit he had filed in 2007 against certain members of Southport's medical staff, including some of the defendants named in this action, and numerous grievance he had filed in relation to his alleged denial of medical care at Southport. (Docket No. 1, Complaint; Docket No. 3, Order.) Upon review of plaintiff's complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A, the Court (Hon. John T. Curtin), granted permission to proceed *in forma pauperis*, dismissed plaintiff's claims against New York State, the New York State

Department of Corrections and Community Supervision ("DOCCS"), Southport and a number of supervisory officials at DOCCS and Southport, and directed the Clerk of the Court to cause the United States Marshals Service to serve the Summons and Complaint upon the remaining defendants who are certain medical personnel at Southport. To date, service has not been completed.

Plaintiff has now moved for a temporary restraining order and preliminary injunction asking the Court to order his transfer from Attica "to stop the ongoing retaliation against [him] and [that he] be given all medical ordered treatment by a qualified specialist . . . and to carry out the plan of [medical] treatment." (Docket No. 4.)

Plaintiff alleges that he has been injured in the past by correctional staff and that he now suffers from nerve damage to his legs, back, neck and shoulder. He states that on May 1, 2012, a physician at an outside hospital noted that an MRI and EMG confirmed that he had nerve damage and that a regimen of medication and five lumbar nerve injections would be scheduled. Plaintiff claims that he has received only one injection to date and that he has not received the treatment directed by the outside specialist in retaliation for his prior complaints/grievances and lawsuits all of which allege the continued denial of access to medical treatment and care. He claims that this lack of medical care and treatment has caused his "conditions" to worsen. (Docket No. 4, Declaration in Support of Motion.)

2

Plaintiff's motion must be denied because he is seeking injunctive relief against defendants who are employed at Southport but he is no longer incarcerated there. He was transferred to Attica after this lawsuit was commenced. *See Prins v. Coughlin*, 76 F.3d 504, 506 (2d Cir. 1996) (It is well settled "in this Circuit that a transfer from a prison facility moots an action for injunctive relief against the transferring facility.") The defendants are various members of the medical staff at Southport, not Attica and, therefore, they are not in a position to effectuate the relief requested.

Moreover, while the Court takes the plaintiff's allegations of retaliation and denial of medical care seriously, plaintiff's declaration does not support his request to a temporary restraining order and preliminary injunction. See Fed R. Civ. P. 65(b)(1); *see e.g. Abdul Wali v. Coughlin*, 754 F.2d 1015, 1025 (2d Cir. 1985) (plaintiff must demonstrate a likelihood of success on the merits and irreparable injury,[1] or (2) raise serious questions going to the merits, with the balance of hardship tipping in the plaintiff's favor); *Paulsen v. County of Nassau*, 925 F. 2d. 65, 68 (2d Cir. 1991) (same); *see also Robert v. Atl. Recording Corp.*, 892 F. Supp. 83, 86 (S.D.N.Y. 1995) (the standard for a temporary restraining order is the same as for that of a preliminary injunction). Both a temporary restraining order and preliminary injunction are extraordinary remedies which are

---

[1] With respect to the first prong of this test, it is well settled that where an alleged deprivation of a constitutional right is at issue, the courts generally do not require a further showing of irreparable harm by a party seeking injunctive relief. *Brewer v. West Irondequoit Cent. Sch. Dist.*, 212 F.3d 738 (2d Cir. 2000).

3

not to be granted lightly. See *Hanson Trust PLC v. SCM Acquisition, Inc.*, 774 F.2d 264, 273 (2d Cir. 1985) (holding that a preliminary injunction is "one of the most drastic tools in the arsenal of judicial remedies"); *see also Borey v. National Union Fire Ins. Co.*, 934 F.2d 30, 33 (2d Cir. 1991).

Lastly, in considering plaintiff's claim for injunctive relief, the Court notes that plaintiff has submitted nothing of an evidentiary nature other than his declaration in support of his motion. Plaintiff's failure to submit anything other than his declaration and a memorandum of law in support of his motion militates against an award of preliminary injunctive relief. *See, e.g. Johnson v. New York*, 1997 U.S. Dist. LEXIS 15903, at *6 (N.D.N.Y. 1997); *Johnson v. Wescott*, 1994 U.S. Dist. LEXIS 17560, at *5-6 (Magistrate's Report-Recommendation, N.D.N.Y.) adopted by 1994 U.S. Dist. LEXIS 16062 (N.D.N.Y. 1994).

Accordingly, plaintiff's motion for a temporary restraining order and preliminary injunction is denied.

IT IS SO ORDERED.

_____
HONORABLE RICHARD J. ARCARA
DISTRICT JUDGE
UNITED STATES DISTRICT COURT

Dated: Nov. 1, 2012

4