UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

GARY GILLARD, 01-A-1613,

        Plaintiff,

        -v-

WESLEY K. CANFIELD, et al.,

        Defendants.

**DECISION and ORDER**
12-CV-428S

---

## I. INTRODUCTION

On September 26, 2012, upon review of plaintiff's *pro se* complaint as required by 28 U.S.C. §§ 1915(e)(B) and 1915A, Judge John T. Curtin (1) granted plaintiff permission to proceed *in forma pauperis,* (2) dismissed some of the claims against certain defendants because they either failed to state a claim or were barred by the Eleventh Amendment to the United States Constitution, and (3) directed service of the summons and complaint on the remaining defendants – Canfield, Oakes, VonHagn, Walsh, Clement and Weaver. (Docket No. 3, Decision and Order.)

Thereafter, Plaintiff moved for reconsideration of that part of the Decision and Order that dismissed the claim against defendant Knapp; and, under 28 U.S.C. § 1915(b), he sought return of two filing fees, which were withdrawn from his inmate trust account for this case and another case then-pending in this Court, *Canfield v. Washburn*, 12-CV-335S.[1] (Docket Nos. 7,8.) For their part, Defendants have also filed a motion to revoke Plaintiff's

---

[1]12-CV-0335S was dismissed, under Fed. R. Civ. P. 41(b), for plaintiff's failure to prosecute based on his failure to respond to defendants' motion to dismiss after he had received two extensions to respond to the motion and being expressly warned of the possibility of dismissal if he did not. (12-CV-335S, Docket No. 18, Decision and Order.)

*in forma pauperis* status under the "three strikes rule and a motion to dismiss." *See* 28 U.S.C. § 1915(g), (Docket No. 14.) The motion to dismiss will be addressed, if necessary, in a separate order. For the following reasons, all three motions currently before this Court are granted.

## II. DISCUSSION

**A.**  ***In Forma Pauperis* Status**

As noted, upon initial review of the complaint and application to proceed *in forma pauperis*, under 28 U.S.C. §§ 1915(a) and (e)(2)(B), and 1915A(b), Judge Curtin granted plaintiff permission to proceed *in forma pauperis*, dismissed some of plaintiff's claims and directed service of the remaining claims. (Docket No. 3, Decision and Order.) Defendants have moved, under 28 U.S.C. § 1915(g), to revoke plaintiff's *in forma pauperis* status on the basis that plaintiff had garnered three or more "strikes" prior to filing this action. (Docket No. 14.) For the following reasons, the motion is granted.

Title 28 of the United States Code, Section 1915(e)(2), provides that the court must dismiss a complaint "if the court determines that ... (B) the action ... (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e). Similarly, § 1915A(a) requires the court to conduct an initial screening of "a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," and to dismiss the complaint for the same grounds listed in § 1915(e)(2)(B), *id.*, regardless of whether or not the inmate has sought *in forma pauperis* status.

In addition, § 1915(g) provides that:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). Thus, when an inmate has garnered three "strikes," as they have come to be known, the motion for *in forma pauperis* status must be denied unless plaintiff has asserted claims which indicate that he is "under imminent danger of serious physical injury." *Id.*

"The 'three-strikes' provision in the PLRA was designed to accomplish th[e] [PLRA's] goal [of deterring frivolous prisoner lawsuits and appeals] by 'forc[ing prisoners] to go through the same thought process non-inmates go through before filing a suit, i.e., is filing this suit worth the costs?' " *Tafari v. Hues*, 473 F.3d 440, 443 (2d Cir. 2007) (quoting *Rodriguez v. Cook*, 169 F.3d 1176, 1181 (9th Cir.1999)). A federal district court may invoke the three strikes rule throughout the pendency of the proceeding and has the authority to revoke the *in forma pauperis* status previously granted if it determines that granting *in forma pauperis* status was improvident. *See, e.g., Brown v. Kepiec*, 2009 WL 818959, at *2 (N.D.N.Y. Mar. 25, 2009); *Welch v. Charlan*, 2008 WL 5382353, at *1 (N.D.N.Y. Dec.16, 2008) (citation omitted).

Defendants' counsels' Declaration in support of the motion notes that PACER (Public Access to Court Electronic Records) indicates that before filing the instant complaint, Plaintiff had filed at least 27 cases in federal court and that a number of them had been dismissed for "strike" reasons--*i.e.*, frivolous, malicious, failure to state a claim

3

on which relief can be granted or seeks damages against a defendant immune from such relief. (Docket No. 15, Declaration of Kathleen M. Kaczor, dated March 25, 2013 ("Declaration"), ¶¶ 5-11) The Declaration also submits that a number of other cases were dismissed for what may be strike reasons, but these cases are not relied on specifically as "strikes" as others are in the Declaration. (*Id.*, ¶¶ 11-14.)

In one case referred to in the Declaration at ¶ 11, Exh. G, a Magistrate Judge noted in a Report and Recommendation that, based on the court's review of the dockets in Plaintiff's previously filed lawsuits it, "appear[ed] that at least two cases had been dismissed for failure to state a claim [and] since the commencement of [that] lawsuit, yet another complaint filed by [Plaintiff] ha[d] been dismissed for failure to state a claim, thereby potentially subjecting [plaintiff] to the three strikes rule provision of 28 U.S.C. § 1915(g)." *Gillard v. Rosati*, No. 9:08-CV-1104 (LEK/DEP), 2011 WL 4402131, at 1 n. 2 (N.D.N.Y., August 22, 2011) (citing *Gillard v. Mahoney*, No. 2:00-CV5420 (E.D.N.Y., Docket No. 3; *Gillard v. Kirwin*, No. 2:01-CV-2125 (E.D.N.Y., Docket. No. 109); and *Gillard v. Gaffney*, No. 2:00CV-5945 (E.D.N.Y., Docket No. 131). Plaintiff objected to this Report and Recommendation. One of the grounds he raised in that objection was that one of the cases referred to by the Magistrate Judge as a strike, *Gillard v. Kirwin*, No. 2:01-CV-2125, should not have been considered a strike because one of the claims pled therein was, in fact, tried to a jury – although the jury reached a verdict in favor of the remaining defendant. The other claims pled by plaintiff had been dismissed previously on various motions by defendants for failure to state a claim.[2]

---

[2] In this case, *Gillard v. Kirwin*, *supra*, a pre-trial order on the eve of trial had granted in part and denied in part the remaining defendants' motion to dismiss certain claims for failure to state a claim, and a later order had granted defendants' Rule 50(a) Motion for *Partial* Judgment as a Matter of Law made at the

The District Judge reviewing the objections noted that " '[i]t [was] unclear whether an action that is dismissed in its entirety, but only in part for grounds stated in 28 U.S.C. § 1915(g), qualifies as a strike under the [Prison Litigation Reform Act].' " *Gillard v. Rosati*, 9:08-CV-1104 (LEK/DEP), 2011 WL 4344061, at *2 (N.D.N.Y., Sept. 14, 2011) (quoting *Larocco v. Jackson*, 2010 WL 5067825, at *3 n. 3 (E.D.N.Y. Oct. 21, 2010) (Report & Recommendation) (citing *Tafari v. Hues*, 539 F. Supp. 2d 694, 698–700 (S.D.N.Y. 2008)), *adopted by* 2010 WL 5062006 (E.D.N.Y. Dec. 6, 2010); and *Eady v. Lappin*, 2007 WL 1531879, at *2 n. 4 (N.D.N.Y. May 22, 2007) (collecting cases reflecting a split among courts on the issue of whether an action must be dismissed in its entirety to qualify as a strike)). The District Judge found it was unnecessary to determine whether a partial dismissal of claims in that previously filed case, *Gillard v. Kirwin*, *supra*, constituted a strike under 28 U.S.C. § 1915(g).

There is a split among the district courts in the Circuit regarding whether partial dismissals of some claims for strike reasons are to be counted as strikes for purposes of the three strikes rule. One District Judge in this District, Charles J. Siragusa, has found against counting partial dismissals as strikes. *Read v. Bill*, 2011 WL 6148635, at * 2-3 (W.D.N.Y., Oct. 21, 2011). Judge Siragusa noted the split on this issue and then held that a partial dismissal does not constitute a strike inasmuch as the " 'strike' rationale requires that the entire *action* be dismissed to count as a 'strike.' "). Judge Siragusa relied expressly on the reasoning of Southern District of New York Senior District Judge Conner

---

close of the parties' proof at trial. At different times during the course of the litigation, the court had dismissed a number of claims for failure to state a claim, and eventually proceeded to trial on the remaining claims--use of excessive force and denial of dental care. The Rule 50(a) Order granted defendants' Rule 50(a) motion on the dental care claim only but not the excessive force claim, which upon review of the Docket Sheet on PACER, went to verdict in favor of the remaining defendant. (*See* Declaration, ¶ 12, Exh. D: *Gillard v. Kirwin*, Civil Action No. 01-CV-2125 (E.D.N.Y.)

5

in *Tafari v. Hues*, 539 F. Supp. 2d 694, 701-02 (S.D.N.Y.2 008), wherein Judge Conner found, in pertinent part, that "[i]n the interest of reaching a balance between enabling prisoners to bring meritorious suits and reducing the burden on the courts of frivolous suits, strikes should be imposed only when entire actions are dismissed for one of the stated reasons within section 1915(g)."

This Court agrees with the reasoning of Judge Siragusa in *Read* and its reliance on the reasoning in *Tafari*, and concludes that a partial dismissal does not constitute a strike. The Court also notes that it is instructive to note that in *Chavis v. Chappius*, 618 F.3d 162, 171 (2d Cir. 2000), the Second Circuit reversed a decision of this District that found that since plaintiff only alleged imminent danger of serious physical injury with respect to some of the *claims* pled in the complaint, those *claims* that did not have a nexus to the imminent danger could be dismissed under the three strikes rule. The Second Circuit reversed noting that the plain language of § 1915(g) "refer[s] to a prisoner bringing 'a civil action,' rather than individual claims[]"; it further noted that "[n]othing in the text of § 1915 provides any justification for dividing an action into individual claims and requiring a filing fee for those that do not relate to imminent danger." This same reading of § 1915(g) clearly supports the finding that a partial dismissal of some claims, but not all, does not constitute a strike.

Accordingly, the Court finds that partial dismissals do not count as strikes and, therefore, *Gillard v. Kinlaw*, *supra*, which is referred to in the Declaration but not relied on specifically by defendants as a strike (Declaration, ¶ 12, Exh. D), cannot be considered a strike. Nor can any other case referred to in the Declaration where there was a partial dismissal of some, but not all, of the claims for strike reasons. *See Gillard v. Kirwin*, *supra*

(Declaration, ¶ 12, Exh. D), *Gillard v. Gaffney*, No. 00-cv-5945 (DLI/MLO) (Memorandum and Order, Docket No. 131, July 9, 2009)..[3]

Upon review of the docket sheets, orders, reports and recommendation attached to the Declaration, and PACER,[4] the Court finds that, while some of the cases that Defendants submit should be considered "strikes" under § 1915(g) are not strikes, Plaintiff had at least three cases or appeals dismissed for strike reasons prior to filing this action. Those cases are:

*Gillard v. Mahoney*, No. 00-cv-5420 (Order, Docket No. 3, E.D.N.Y., Oct. 25, 2000) (Declaration, Exh. B-Docket Sheet): The Docket Sheet reflects that the complaint was dismissed for failure to state a claim on which relief can be granted;

*Gillard v. Mahoney*, Civil No. 00-5441 (Order, Docket No. 3, E.D.N.Y., Oct. 25, 2000) (Declaration, Exh. E-Docket Sheet): The Docket Sheet reflects that the complaint was dismissed for failure to state a claim;

*Gillard v. Davis*, No. 11-CV-1021 (Report and Recommendation, Docket No. 34, N.D.N.Y., Nov. 11, 2012, *adopted by* District Judge, Order, Docket No. 39, filed February 7, 2013) (Declaration, Exh. F-Report and Recommendation): Report and Recommendation recommended granting defendants' motion to dismiss for failure to state a claim. A review

---

[3] In this case, one Order had granted three defendants' motions to dismiss the claims against them pursuant to Fed.R.Civ.P. 12(b)(1) and (6), a second Order had granted two other defendants' motions to dismiss on the basis of absolute judicial immunity, and a third had granted summary judgment to the remaining defendants. *Gillard v. Gaffney*, 00-CV-5945, Docket Nos. 56, 61 and 131.) Since the granting of a motion for summary judgment is not considered a strike, *see Ramsey v. Goord*, 2007 WL 1199573, at 2 (W.D.N.Y., April 19, 2007), adopting Report and Recommendation (collecting cases finding that a dismissal on summary judgment does not count as a strike), this case is another partial dismissal that should not be considered a strike.

[4] *See Harris v. City of New York*, 607 F.3d 18, 20, 23-24 (2d Cir. 2010) (In considering whether a case or appeal was dismissed for strike reasons, the reviewing court may refer to a written decision where available or a docket sheet).

of the docket sheet on PACER indicates that the Report and Recommendation was adopted by the District Judge on February 7, 2013.

Accordingly, plaintiff had garnered three strikes prior to filing the instant action and his *in forma pauperis* status should be revoked unless he can show that at the time he filed the complaint herein he was under imminent danger of serious physical injury. 28 U.S.C. § 1915(g); *see Malik v. McGinnis*, 293 F.3d 559, 562-63 (2d Cir. 2002). The "safety valve for the 'three strikes' rule [was designed] to prevent impending harms, not those harms that had already occurred." *Malik*, 293 F.3d at 563 (quoting *Abdul–Akbar McKelvie*, 239 F.3d 307, 313 (3d Cir. 2001) (en banc)). A plaintiff must allege facts "plausibly suggesting that he was under imminent danger of serious physical injury" at the time he filed the complaint. *Chavis v. Curlee*, 2008 WL 508694, at *5 (N.D.N.Y. Feb 21, 2008); *see also Polanco v. Hopkins*, 2007 WL 914023, at *3-5 (W.D.N.Y. March 23, 2007) ("[T]he Court must determine whether plaintiff's complaint makes it clear that he was in imminent danger at the time he filed his lawsuit.") , *aff'd* 510 F.3d 152 (2d Cir. 2007). The imminent danger exception to three strikes rule applies only when an adequate nexus exists between the imminent danger alleged and the legal claims asserted in prisoner's complaint. *Pettus v. Morgenthau*, 554 F.3d 293, 298 (2d Cir. 2009).

Neither Defendants nor Plaintiff address the issue of imminent danger in their moving and opposition papers (Dockets No. 14, Defendants' Notice of Motion, Docket No. 15, Declaration, Docket 16, Defendants' Memorandum of Law; Docket No. 22, Plaintiff's Declaration). But the complaint alleges that, in retaliation for a lawsuit he had filed back in 2007 against various medical personnel at Southport, including some of the defendants named in this action (Clement, Weaver and VonHagn), Plaintiff was denied medical care

8

on a daily basis for a number of ailments and conditions between late December 2011, when he first arrived at Southport, and early February 2012. Plaintiff alleges that between approximately December 20, 2011 and February 4, 2012, he repeatedly sought medical attention from various medical providers at Southport, but that despite these numerous requests he was denied adequate care. Some of issues he sought assistance or care for were blood pressure monitoring, medication for back pain, the need for a back brace and a HIPPA authorization. (Complaint, ¶ 22, 26, 30, 32, 35, 37, 38, 42 and 46-47.) Plaintiff does not allege that the retaliation continued beyond the dates set forth in the complaint, nor does he allege that the refusal to address the conditions he sought assistance or treatment for placed him under imminent danger of serious physical injury. Based on a review of the allegations in the complaint that plaintiff was denied medical care between December 2011 and February 2012 in retaliation for a prior lawsuit, the Court finds that plaintiff has not asserted that he was under imminent danger of serious physical injury at the time the filed the complaint in May 2012.[5]

Accordingly, the defendants' motion to revoke plaintiff's *in forma pauperis* status is granted and this action will be dismissed unless plaintiff pays the $350.00 filing fee[6] no later than **October 15, 2013**. Plaintiff is advised that if he fails to pay the full filing fee by that date this action will be dismissed without further order or notice to him.

---

[5]The Court notes that while the complaint bears a date of February 5, 2012, it was not received and filed in the Court until May 10, 2012, and that the motion to proceed *in forma pauperis* and prison authorization are both dated April 30, 2012.

[6]The Court notes that for civil cases filed on or after May 1, 2013, an additional administrative fee of $50.00 has been added to the total cost of filing a civil lawsuit in District Court, which brings the total cost to $400.00. This additional administrative fee does not apply to prisoners who are granted permission to proceed *in forma pauperis*. Because this action was filed before May 1, 2013, plaintiff, if he chooses to pay the filing fee, will not be required to pay the additional $50.00 administrative fee.

**B.    Filing Fees**

Although Plaintiff had proceeded in this case *in forma pauperis*, he was still required by statute to pay filing fees. See 28 U.S.C. § 1915(b)(1)-(2) ("[I]f a prisoner brings a civil action . . . *in forma pauperis*, the prisoner shall be required to pay the full amount of a filing fee. The court shall assess and, when funds exist, collect, as partial payment of any court fees required by law, an initial partial filing fee of 20 percent."). Indeed, upon submission of Plaintiff's application to proceed *in forma pauperis*, he signed an Authorization, under 28 U.S.C. § 1915(b), authorizing the correctional facility:

> to calculate and disburse funds from my trust account (or institutional equivalent) in the amounts specified by 28 U.S.C. § 1915 (b), to deduct those amounts from my prison trust account (or institutional equivalent), and to disburse those amounts from my account to the United States District Court for the Western District of New York.

The Court granted plaintiff permission to proceed *in forma pauperis* in this matter on September 26, 2012, and in 12-CV-335S on May 30, 2012. Letters to the Superintendent of Attica directing him to withdraw funds from Plaintiff's inmate account, under 28 U.S.C. § 1915(b), were forwarded to the Superintendent upon the submission of Plaintiff's Authorizations. Plaintiff's motion for the return of the filing fees demonstrates that on October 29, 2012, a check from the New York State Comptroller's Office in the sum of $1,804.05 was deposited in his inmate account. The docket for the two cases filed in this District indicate that on November 19, 2012, the Clerk of the Court received from the Attica Correctional Facility a check in the amount of $350.00 for the filing fee in 12-CV-335S, and that on December 26, 2012, the Clerk of the Court received from Attica a check in the same amount for the filing fee in this action.

Plaintiff, however, argues that this was in error. His objection to the withdrawal of the filing fees from his account is based on 28 U.S.C. § 1915(b)(2), which provides, in relevant part, that:

> If a prisoner brings a civil action or files an appeal in forma pauperis, the prisoner shall be required to pay the full amount of a filing fee. The court shall assess and, when funds exist, collect, as a partial payment of any court fees required by law, an initial partial filing fee of 20 percent of the greater of--
>
> > (A) the average monthly deposits to the prisoner's account; or
> >
> > (B) the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint or notice of appeal.
>
> After payment of the initial partial filing fee, the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid.

Plaintiff thus argues that only 20% of the filing fee should have been deducted from his inmate account.

Plaintiff, in fact, successfully made this same argument in the Northern District of New York. See *In re Gillard*, No. 1:13-MC-0013(LEK), 2013 WL 474353, at *1 (N.D.N.Y. February 7, 2013). As he did in this case, Plaintiff, a frequent *pro se* litigant in the Northern District, filed a letter there noting his objection to the manner in which his inmate account was handled. The letter was docketed as a "Letter Motion" in two of plaintiff's open cases in that District. The Northern District directed that the Letter Motion be stricken from the docket in plaintiff's two open cases and filed separately as the operative document in a

11

miscellaneous civil case opened to address plaintiff's objections regarding the manner in which the filing fees were paid from his inmate account.

Addressing this motion, the Northern District relied on the Second Circuit's decision in *Whitfield v. Scully*, 241 F.3d 264, 276 (2d Cir.2001),[7] and granted plaintiff's request to have the entire $1,400 returned to his inmate account, including the portions paid to this Court ($700.00), less the amount owed by plaintiff on the two cases pending in the Northern District, *Gillard v. Smith*, No. 9:09–CV–0945 (GLS/ATB), and *Gillard v. Rovelli*, No. 9:09–CV–0860 (NAM/TWD), and any other amount that may be properly withdrawn "under the 20 percent, per individual, per month formula." *In re Gillard*, 2013 WL at 474353, at *4.[8]

Of course, this Court has already revoked Plaintiff's *in forma pauperis* status, and it could simply retain the funds already paid. But this Court finds, before the Court simply retains the improvidently-paid fee, that Plaintiff should have the opportunity to determine whether he has sufficient funds and whether he wishes to pay the filing fee. *See Tafari v. Hues*, 473 F.3d 440, 443 (2d Cir. 2007) (quoting *Rodriguez v. Cook*, 169 F.3d 1176, 1181 (9th Cir.1999)) ("The 'three-strikes' provision in the PLRA was designed to accomplish th[e]

---

[7]In *Whitfield*, the Second Circuit recognized the split in the circuits "[o]n the question whether multiple encumbrances should be collected sequentially or simultaneously . . . ." 241 F.3d at 276. The Second Circuit rejected the "per case" or "cumulative" rule, whereby a prisoner must pay 20% of his monthly income *per case filed*, in favor of a "per prisoner" or "sequential" rule. *Id.*, at 277. "Under this rule, the Second Circuit 'conclude[d] that 28 U.S.C. § 1915(b)(2) generally requires the recoupment of multiple encumbrances in sequential fashion at a constant rate of 20 percent of monthly receipts to the prisoner's account.'" *In re Gillard*, 2013 WL 474353, at *2 (quoting *Whitfield*, 241 F.3d at 277). "Even if a Plaintiff had fees in multiple cases pending, § 1915 provides a 'uniform ceiling [of 20 percent], in a compromise between the imperative to collect fees ... and the right of prisoners to effective access to the courts.'" *Id.* (citing *Whitfield*, 241 F.3d at 276 (citing *Tucker v. Branker*, 142 F.3d 1294, 1298 (D.C.Cir.1998) ("In sum, the payment requirement of the PLRA never exacts more than 20% of an indigent prisoner's assets or income."))).

[8]The Clerk of this Court's Financial Office confirmed with the Northern District's Financial Services Specialist that the Northern District returned to plaintiff's inmate account $700.00 for the two cases then pending in that District.

[PLRA's] goal [of deterring frivolous prisoner lawsuits and appeals] by 'forc[ing prisoners] to go through the same thought process non-inmates go through before filing a suit, i.e., is filing this suit worth the costs?'").

Accordingly, based on the Northern District's decision in *Gillard*, Plaintiff's motion to return the filing fees submitted to this District ($700.00) is granted, and the Clerk of the Court is directed to return to Plaintiff's inmate account the full $700.00 submitted to this District less the amount Plaintiff owes in 12-CV-335S "under the 20 percent, per individual, per month formula."

**C.      Motion for Reconsideration**

Last, Plaintiff seeks reconsideration of that part of the Decision and Order that dismissed his Eighth Amendment claim against defendant Knapp. (Docket No. 3, Decision and Order, at 8-10.) Plaintiff alleged that on January 14, 2012, Knapp tightened a "waist chain" too tightly and that Plaintiff's "hip and lower back disc was so effected to the point the nerve got pinched which cause a spasm in the right leg which stopped plaintiff from being able to stand, sit and walk." (Sic) (Complaint, ¶ 36.)  Judge Curtin found that, even assuming the "seriousness of the injury," there were no allegations regarding the subjective component of the Eighth Amendment claim, and he therefore dismissed the claim with prejudice.  (Decision and Order, at 8-9.) But "liberal pleading standards applicable to pro se civil rights complaints in this circuit require[] that [] court[]s give [litigants] an opportunity to flesh out [their] somewhat skeletal complaints before dismissing them." Thompson v. Carter, 284 F.3d 411, 419 (2d Cir. 2002). This Court will accordingly provide Plaintiff that opportunity. He is cautioned, however, that an amended complaint is intended to completely replace the prior complaint in the action:   "[i]t is well established that an

13

amended complaint ordinarily supersedes the original and renders it of no legal effect." Arce v. Walker, 139 F.3d 329, 332 n. 4 (2d Cir.1998) (quoting International Controls Corp. v. Vesco, 556 F.2d 665, 668 (2d Cir.1977)); see also Shields v. Citytrust Bancorp, Inc., 25 F.3d 1124, 1128 (2d Cir.1994). Further, leave to file an amended complaint is limited to the subjective component of his Eighth Amendment claim. In other words, Plaintiff's amended complaint must be identical to his original complaint except for any allegations relating to the subjective component of his Eighth Amendment claim.

### III. ORDERS

Accordingly, it hereby is

ORDERED, that Defendants' motion to revoke Plaintiff's *in forma pauperis* status (Docket No. 14) is GRANTED;

ORDERED, that Plaintiff must pay the $350.00 filing fee by **October 15, 2013, or this case will be dismissed**;

ORDERED, that Plaintiff's motion for reconsideration (Docket No. 7) is GRANTED;

ORDERED, that, so long as Plaintiff pays the required filing fee, Plaintiff is also granted leave to file an amended complaint, in accordance with this Decision; the amended complaint must be filed by October 15, 2013;

ORDERED, that Plaintiff's motion for return of the filing fee (Docket No. 8) is GRANTED and the Clerk of the Court is directed to return to Plaintiff's inmate account the full $700.00 submitted to this District less the amount owed by Plaintiff on the two cases filed in this District and any other amount properly withdrawn under the 20 percent, per individual, per month formula;

ORDERED, this Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal would not be taken in good faith and therefore *in forma pauperis* status is also denied for the purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444–45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962);

ORDERED that the Clerk of the Court shall serve a copy of this Order on the Superintendent of the Attica Correctional Facility.


SO ORDERED

Dated:	September 14, 2013
	Buffalo, New York


		/s/William M. Skretny
		WILLIAM M. SKRETNY
		Chief Judge
		United States District Court